UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL C. RUSSELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 16-1215 |

## ORDER AND OPINION

Now before the Court is Petitioner Russell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. For the reasons set forth below, Petitioner's Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

On May 20, 2014, Michael Russell was charged in a one-count indictment in the Central District of Illinois with conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). R. 2. On October 29, 2014, Russell pleaded guilty to the charge in the indictment in a written plea and cooperation agreement (R. 35, 36), and a change of plea hearing was held before Magistrate Judge Hawley, who issued a Report and Recommendation recommending that the plea of guilty be accepted. R. 40. In the cooperation agreement, Russell and the United States agreed that, *inter alia*,

> 10. The United States agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation. At this time, the United States is not making and has not made any promise or commitment of any kind to you or your client regarding the prosecution of any offense or the sentence in any case.

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Russell*, No. 14-cr-10033 (C.D. Ill.), are styled as "R.__."

1

> 11. The United States reserves the right, at its sole discretion, to make a motion at the time of sentencing for a downward deviation from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and a downward departure from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended deviation or departure will depend solely upon the United States' evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.
>
> 12. Your client agrees that he will not frivolously contest any issues in his pending federal criminal proceeding, and will waive his right to appeal and to collaterally attack his conviction and sentence. Your client understands and agrees that his refusal to make a written waiver of these rights may form the basis for the United States to refuse to recommend a downward deviation from the sentencing guidelines or any mandatory minimum sentence for any substantial assistance provided by your client.

R. 36, at 2–3. Similarly, Russell and the United States agreed to, *inter alia*, the following terms as part of Russell's plea agreement:

> 9. The defendant expressly waives any right the defendant has pursuant to Title 21, United States Code, Section 851 to require the United States Attorney's Office to file and serve information stating in writing the prior felony drug convictions that support any enhanced sentence.
>
> 10. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, or any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.
>
> 11. The defendant also understands that he has a right to attack his conviction and/or sentence collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that the Court was without proper jurisdiction; or that the conviction and/or sentence (including, but not

limited to, the amount of any fine or restitution imposed) were otherwise subject to collateral attack. The defendant understands such attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, and in exchange for the concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and/or sentence (including, but not limited to, the amount of any fine or restitution imposed), in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of ineffective assistance of counsel.

15. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

16. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the ***advisory*** Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

21. At the time of sentencing the United States agrees to recommend the following: the United States agrees to recommend a sentence at the low end of the advisory Sentencing Guideline range or the mandatory minimum, whichever is higher. The parties agree the amount of heroin this defendant is attributed to is more than one hundred (100) grams.

R. 35, at 4–9 (emphasis original).

On November 18, 2014, the undersigned accepted Russell's plea of guilty, adjudged him guilty of Count 1 of the indictment, and set the matter for sentencing. R. 41. Prior to sentencing,

3

the probation officer prepared a presentence report ("PSR"). R. 50. Therein, the probation officer determined that Russell qualified as a career offender under U.S.S.G. § 4B1.1 based on his two prior felony burglary convictions in DeKalb County and Clinton County, Missouri. R. 50, at 8. Based on a total offense level of 34 and a criminal history category of VI, Russell's guidelines range was 262 to 327 months. *Id*. at 23. Additionally, Russell faced a mandatory 10 year minimum sentence due to his prior felony drug convictions for possession of cocaine and unlawful possession of methamphetamine precursor. 21 U.S.C. § 841(b)(1)(B); R. 50, at 23.

Russell's attorney objected to the portion of the PSR that designated Russell as a career offender for his two prior burglary convictions. R. 50, at 28, R. 52. However, Russell's attorney withdrew his objection following an in-camera hearing at sentencing. R. 55, at 7. Nevertheless, the Court departed downward from the advisory sentencing guidelines based on Russell's attorney's motion. R. 55, at 2. On March 5, 2015, the Court imposed a sentence of 120 months—the statutory minimum—because it determined that the career offender guideline range over-represented the seriousness of Russell's criminal history. *Id*. at 4.

Russell now brings a motion under 28 U.S.C. § 2255 arguing that his sentence is invalid. Doc. 1. In his motion and supporting memorandum, dated June 9, 2016, Russell raises three principal arguments: (1) he was improperly designated as a career offender based on his Missouri burglary convictions; (2) his counsel was ineffective; and (3) the Government breached its obligations under the plea and cooperation agreements by failing to file a motion to depart below the mandatory minimum sentence. Doc. 2., at 5. The Government responded to Russell's motion, arguing that (a) Russell waived his right to collateral review of most of his claims; (b) he procedurally defaulted his claims; (c) his third claim is untimely and meritless; (d) his counsel

was not ineffective; and (e) *Johnson* is not retroactively applicable to sentencing guidelines cases on collateral review. Doc. 8, at 2.

On November 28, 2016, Russell supplemented his motion to add a claim to include a challenge to the use of his Illinois conviction for possession of a controlled substance to transport, store, or deliver a methamphetamine precursor, 720 ILCS 646/20, arguing that the offense should not have been used to trigger the mandatory 10-year minimum under 21 U.S.C. § 841(b)(1)(B) because it is broader than the definition of "felony drug offense" used in 21 U.S.C. § 802(44). Doc. 11. The Government responded to the supplemental claim, arguing that Russell's supplemental claim lacks merit and is otherwise waived, defaulted, and untimely. This Order follows.

**LEGAL STANDARD**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues

raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

### DISCUSSION

*(1) Russell's Claims are Untimely*

Section 2255 provides a 1-year period of limitation in which to file a motion attacking a conviction or sentence, and begins to run from the latest of:

**(1)** the date on which the judgment of conviction becomes final;
**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Russell's conviction became final on March 5, 2015, because he did not—and could not—file a direct appeal. In order for Russell's claims to be timely, he must have filed his motion by March 5, 2016. His motion, dated June 9, 2016, is therefore untimely.

Russell also asserts he is entitled to relief following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (Jun. 26, 2015). The Court in *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague; a decision that was later declared retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (Apr. 18, 2016). Had Russell been sentenced under the Armed Career

6

Criminal Act, 18 U.S.C. § 924(e)(2)(B), he would have had until June 26, 2016 to file a § 2255 motion raising a *Johnson* challenge. See 28 U.S.C. § 2255(f)(3). But Russell was not charged with or sentenced as an Armed Career Criminal. Rather, Russell was sentenced under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) to a below-guideline mandatory minimum sentence of 120 months. And unlike the ACCA, guidelines challenges, including challenges to a career offender designation, are not cognizable on collateral review. See *Beckles v. United States*, 137 S. Ct. 886 (Mar. 6, 2017); *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013). Because *Johnson* is inapplicable to Russell's sentence, it does not restart the limitations period in § 2255(f), making the entirety of Russell's motion untimely. Finally, Russell attempts to argue that his untimeliness should be excused because he did not have access to certain documents. Doc. 2, at 3. But he does not allege that he was impeded from filing the § 2255 motion itself, much less that the Government was the one impeding him from filing. See 28 U.S.C. § 2255(f)(2). Because his motion is untimely, it must be denied.

*(2) Russell Waived his Right to Collaterally Attack his Conviction or Sentence*

Even if Russell's claims were timely, he waived his right to collaterally attack his conviction or sentence—save for a claim of ineffective assistance of counsel—as part of his plea agreement. R. 35, at 5. Thus, the Court's review is limited to Russell's discrete claim that his attorney provided constitutionally deficient advice.

*(a) Ineffective Assistance of Counsel*

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance did not

7

meet the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88; *Wyatt v. United States*, 574 F.3d 455, 458–59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 690.

A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991). Thus, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Here, Russell submitted an affidavit with his memorandum asserting that he entered into the plea and cooperation agreements based on his counsel's assertion that "I can't get you under the ten [year mandatory minimum] if you don't cooperate." Doc. 2, at 33. According to Russell, "I specifically stated to Attorney Daniels that I would cooperate only if he could get me less than ten years. He assured me he could arrange that, so I told him to set up the interview." *Id*. It is true that "[a] defendant can prove that his attorney's performance was deficient if he shows that his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him. *United States v. Barnes*, 83 F.3d 934, 939–40 (7th Cir. 1996). However, it is unnecessary to determine whether Russell's attorney wrongly assured him he would receive a sentence under 10 years because, as discussed above, Russell's claim is untimely.

*(b) The Plea Agreement was not Breached*

Russell's assertion that the Government breached its obligations under the plea agreement are not supported by the terms of that agreement. Specifically, the agreement provided two promises. First, "[a]t the time of sentencing the United States agrees to recommend the following: the United States agrees to recommend a sentence at the low end of the advisory Sentencing Guideline range or the mandatory minimum, whichever is higher." R. 35, at 9. Second,

> [t]he United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the ***advisory*** Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

*Id*. at 8.

In sum, Russell agreed that the Government would recommend a sentence of either the mandatory minimum or a sentence at the bottom of the guidelines, whichever was higher. It appears that the Government upheld that end of the bargain. Whether the Government chose to make a motion to depart—below the guidelines under § 5K1.1, or mandatory minimum under 18 U.S.C. § 3553(e)—was a decision that Russell agreed would rest with the discretion of the Government. The Government's decision not to do so was therefore not a breach of the agreement. Nor was Russell's counsel ineffective for telling him "I can't get you under the ten [year mandatory minimum] if you don't cooperate." Doc. 2, at 33. That was factually correct.

Finally, Russell does not allege that he did not understand the agreement or that he entered into it involuntarily. Rather, he is upset with the fact that he was designated a career

offender, but he expressly agreed that he would "not be allowed to withdraw [his] guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement." R. 35, at 7.

*(3) Russell's Supplemental Claim is Meritless*

Russell's claim in his supplement to his motion challenges the use of his Illinois conviction for possession of a controlled substance to transport, store, or deliver a methamphetamine precursor, 720 ILCS 646/20, arguing that the offense should not have been used to trigger the mandatory 10-year minimum under 21 U.S.C. § 841(b)(1)(B) because it is broader than the definition of "felony drug offense" used in 21 U.S.C. § 802(44). Doc. 11. A felony drug offense "means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Thus, in addition to the procedural defects identified above, the Court agrees with the Government's position that Watkins' prior conviction satisfies the broad definition of "felony drug offense." Neither *Mathis v. United States*, 136 S. Ct. 2243 (2016), nor *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), alter that determination.

**CERTIFICATE OF APPEALABILITY**

To obtain a Certificate of Appealability under § 2253(c), "a habeas prisoner must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). This means that the prisoner must show "that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 484. "When the

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (internal quotations omitted). Here, reasonable jurists could not debate that Russell's motion was untimely. Accordingly, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Petitioner Russell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 26th day of February, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
